# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RON C. EVERETT,** *Petitioner*, v. **STATE OF GEORGIA JUSTICE SYSTEM,** *Respondent*. | **CIVIL ACTION NO.** **5:18-cv-00237-TES-CHW** |

## ORDER DISMISSING HABEAS PETITION

Plaintiff filed a "Petition for Plain Error Review" [Doc. 7], which the United States Magistrate Judge construes as a motion under Federal Rule of Criminal Procedure 52(b) and recommends the Court dismiss as a successive petition for habeas relief under 28 U.S.C. § 2254. *See generally* [Doc. 10]. Petitioner filed an objection to the Magistrate Judge's recommendation, and the Court therefore reviews Petitioner's petition for plain error review de novo. *See* 28 U.S.C. § 636(b)(1).

In 2007, Plaintiff was convicted in the Superior Court of Chatham County, Georgia for committing robbery by force, aggravated assault, kidnapping, and elder abuse. [Doc. 5, p. 3]; *Everett v. State*, 677 S.E.2d 394, 394 (Ga. Ct. App. 2009). In his petition for plain error review, Petitioner complains that the superior court failed to apply the reasonable doubt standard in his criminal proceedings. [Doc. 7, p. 11]. He requests that the Court review this issue for clear error under Federal Rule of Criminal Procedure 52(b), which

allows a court to consider any "plain error that affects substantial rights" even if the error "was not brought to the court's attention."

The Magistrate Judge correctly determined that Petitioner's argument constitutes a collateral attack on his state-court conviction, which can only be maintained via a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ."). But where a state prisoner has already attempted to attack his state-court conviction in federal district court, he must seek and obtain permission from "the appropriate court of appeals" before filing a second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). This petition is Petitioner's sixth federal attack, at least, on his 2007 conviction. *See* [Doc. 5, pp. 3–4 (listing Petitioner's other federal habeas petitions)]. Therefore, this petition is successive, and there is no evidence that the Eleventh Circuit Court of Appeals gave Petitioner permission to file another habeas petition. Accordingly, the Magistrate Judge appropriately recommended that this petition be dismissed.

Nevertheless, Petitioner objects to the Magistrate Judge's determination that "[b]ecause Mr. Everett was convicted in a state court, the Federal Rules of Criminal Procedure are not applicable." [Doc. 10, p. 1]. But the Magistrate Judge's determination was correct. The Federal Rules of Criminal Procedure apply only to "criminal

proceedings" in the federal courts,[1] and Section 2254 actions are civil in nature. Fed. R. Civ. P. 1(a)(1); *United States v. Frady*, 456 U.S. 152, 181, 183 (1982) (Brennan, J., dissenting) (describing a Section 2254 action as "a civil collateral review procedure for state prisoners" and highlighting the fact that the Federal Rules of *Civil* Procedure—as opposed to the Federal Rules of *Criminal* Procedure—supplement Section 2254's procedures when appropriate).

Having found no error in the Magistrate Judge's conclusions, the Court **ADOPTS** the Report and Recommendation [Doc. 10] over Petitioner's objections and **MAKES IT THE ORDER OF THE COURT**. Accordingly, Petitioner's Petition for Plain Error Review [Doc. 7] is **DISMISSED**.

**SO ORDERED**, this 22nd day of April, 2019.

<u>s/Tilman E. Self, III</u>
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**

---

[1] This includes pending criminal actions removed to federal court pursuant to 28 U.S.C. § 1455. *See* Fed. R. Crim. P. 1(a)(4).